Michael J. Frevola
K. Blythe Daly
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
michael.frevola@hklaw.com
blythe.daly@hklaw.com

Attorneys for Petitioner,
*China Shipping Container Lines Co. Ltd.*



15 CV 2006

JUDGE TORRES

MAR 17 2015
U.S.D.C. S.D. N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHINA SHIPPING CONTAINER LINES CO. LTD.,

Petitioner,

-against-

BIG PORT SERVICE DMCC,

Respondent.

Civ. No. _____

**PETITION FOR INJUNCTIVE
RELIEF, DECLARATORY
JUDGMENT AND DAMAGES**

Petitioner, China Shipping Container Lines Co. Ltd. ("CSCL"), by and through its attorneys Holland & Knight LLP, brings this civil action for injunctive relief, declaratory judgment, and damages against Respondent Big Port Service DMCC ("Big Port"), together with an Order to Show Cause. In support of this Petition, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Petitioner CSCL brings this action pursuant to 9 U.S.C. § 3 and 4, to stay an arbitration commenced by Respondent Big Port, and for a preliminary injunction to enjoin Respondents from proceeding forward with the arbitration commenced by Big Port.

2.      As detailed in the Memorandum of Law accompanying CSCL's preliminary injunction application, the basis for the stay and preliminary injunction is that there is no valid agreement between CSCL and Big Port to submit any dispute to arbitration.

3.      Should CSCL be forced to arbitrate a dispute where CSCL has not entered into any contract with Respondent to arbitrate, it will suffer irreparable harm.  Moreover, CSCL can demonstrate likelihood of success on the merits of its claim that it has never been a party to a contract with Respondent.

4.      CSCL seeks declaratory judgment and a permanent injunction enjoining Big Port from further demanding or proceeding with arbitration against CSCL.

## THE PARTIES

5.      CSCL is a foreign corporation organized and existing under the laws of the People's Republic of China, with a principal place of business located in Shanghai, China.

6.      Big Port is a foreign corporation organized and existing under the laws of the United Arab Emirates, with a principal place of business in Dubai, U.A.E.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction of this matter pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4.

8.      This also is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under the this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**BUNKER DELIVERY**

10.     CSCL is the owner of the vessel *M/V XIN CHANG SHU* (the "Vessel").

11.     On or about August 27, 2014, CSCL contracted with OW Bunker China Limited ("OWB China"), for the supply of 4,000 metric tons of bunkers (marine fuel oil), to the Vessel at a price of USD 468.00 per metric ton.   The agreement for provision of the bunkers was confirmed by a OWB China Sales Confirmation dated September 26, 2014.   The OWB China Sales Confirmation is subject to the OW Bunker Group's Terms and Conditions.   The OW Bunker Group's Terms and Conditions provide for the application of English law, and arbitration in England or, alternatively, litigation in this District.

12.     In accordance with the contract between CSCL and OWB China, bunkers were provided to the Vessel at Kavkaz, Russia, on November 1-2, 2014.

**UNDERLYING BUNKER ARRANGEMENTS**

13.     OWB China did not arrange for the provision of the bunkers to the Vessel itself but rather contracted with its affiliate, OW Bunker Far East (Singapore) Pte Ltd. ("OWB Far East") to supply the requested bunkers.

14.     OWB China and OWB Far East are separate and independent legal entities.

15.     Both OWB China and OWB Far East are wholly-owned subsidiaries of OW Bunker Trading A/S.

16.     On or about September 30, 2014, OWB China and OWB Far East entered into a contract memorialized by OWB Far East's Sales Order Confirmation, for the provision of 4,000 metric tons of bunkers to the Vessel at a price to OWB China of USD 445.00 per metric ton (the "OWB China – OWB Far East Contract").

3

17.     CSCL was unaware of the OWB China – OWB Far East Contract and did not receive a copy of OWB Far East's Sales Order Confirmation until January 7, 2015, when a copy was provided to CSCL's Singapore counsel.

18.     OWB Far East, in turn, contacted Big Port to arrange for the physical supply of the bunkers to the Vessel.

19.     Big Port issued a Bunker Sales Confirmation to OWB Far East dated September 25, 2014, for the provision of 4,000 metric tons of bunkers to the Vessel (the "OWB Far East - Big Port Contract"). The OWB Far East - Big Port Contract is subject to Big Port's General Terms and Conditions ("GT&Cs").  Big Port's GT&C's provide for arbitration in New York pursuant to the Federal Maritime Law of the United States.

20.     On or about September 30, 2014, OWB Far East issued to Big Port a Purchase Order Confirmation for the delivery of 4,000 metric tons of fuel oil to the Vessel between October 13, 2014, and October 17, 2014 at the port of Kavkaz, for the account of OWB Far East. The agreed price for the OWB Far East - Big Port Contract was USD 442.00 per metric ton.

21.     On or about November 1-2, 2014, bunkers were supplied to the Vessel by TTK.

22.     CSCL was unaware of the OWB Far East - Big Port Contract until November 12, 2014, when it received an email and a demand for payment from Big Port.

## THE INVOICES

23.     OWB China issued to CSCL its Invoice No. 132-140863, dated November 1, 2014,  in the sum of USD 1,876,000.

24.     OWB Far East issued to OWB China its Tax Invoice No. 187-1411001, dated November 1, 2014, in the sum of USD 1,780,000.

4

25.     Big Port issued to OWB Far East and the "Master and/or Owners and/or Agent and/or Operators and/or Charterers" its Invoice No. 1014090, dated November 2, 2014, in the sum of USD 1,768,000.

## THE OW BANKRUPTCY

26.     On or about November 7, 2014, OW Bunker Trading A/S, the parent company of OWB China, was declared bankrupt in Denmark.

27.     On or about November 12, 2014, OWB Far East commenced voluntary winding-up proceedings in Singapore and appointed KPMG as their provisional liquidators.

28.     On or about November 21, 2014, OWB China commenced winding up proceedings in Hong Kong.  Pursuant to an Order of Court dated November 21, 2014, KPMG have been appointed as provisional liquidators of OWB China.

## THE PARTIES' DISPUTE

29.     On November 12, 2014, Big Port contacted CSCL by e-mail seeking payment for its invoice demanding payment in the sum of USD 1,768,000.

30.     On December 10, 2014, the Vessel was arrested in Singapore pursuant to a Warrant of Arrest issued by the Singapore Court on Big Port's application.

31.     On or about December 12, 2014, CSCL paid the sum of USD 2,600,000 into the Singapore Court, to release the Vessel from arrest.  The security posted remains with the Court in Singapore.

32.     On or about December 19, 2014, Big Port filed an application to stay the Singapore court proceedings it had commenced.

#34861002_v1

33.     On or about December 30, 2014, CSCL made a cross-application to set aside the arrest of the Vessel effected by Big Port and to dismiss Big Port's claims.

## BIG PORT'S ARBITRATION DEMAND

34.     On or about December 14, 2014, Big Port served on CSCL its Demand for Arbitration (the "Demand").

35.     The Demand states the arbitral proceedings are to be conducted in the City of New York in accordance with the rules for the Society of Maritime Arbitrators, Inc.

36.     In the Demand, Big Port named Charles Donovan as its party-appointed arbitrator.

37.     On or about January 13, 2015, Big Port named Jay Paré as CSCL's party-appointed arbitrator.

38.     After CSCL objected to the appointed of any arbitrator on its behalf because it did not agree to arbitrate, on January 16, 2015, Mr. Paré withdrew as arbitrator.

39.     On or about January 21, 2015, Big Port appointed Neil Klein and Alan Nakazawa as Big Port and CSCL's new arbitrators, respectively.

40.     Mr. Nakazawa withdrew as the second arbitrator.

41.     On or about February 4, 2015, Big Port appointed Mitch Griffin as yet another arbitrator for Big Port's demanded arbitration.

42.     On or about February 13, 2015, Mr. Klein and Mr. Griffin appointed Charles Donovan as the arbitration panel chairman.

43.     On February 23, 2015, Mr. Donovan wrote to counsel for Big Port and CSCL setting March 3, 2015 as the date of the initial arbitration hearing for scheduling and other

6

matters, including but not limited to the issue of whether the arbitrators have jurisdiction to determine whether CSCL is bound by the Big Port arbitration clause.

## <u>THERE IS NO AGREEMENT TO ARBITRATE</u>

44.    Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.

45.    CSCL did not contract with OWB Far East for the provision of bunkers to the Vessel.

46.    There is no express agency agreement between OWB Far East and CSCL.

47.    There is no implied agency agreement between OWB Far East and CSCL.

48.    CSCL did not communicate to Big Port that OWB Far East was or is its agent.

49.    CSCL is not a signatory to an agreement to arbitrate between Big Port and CSCL.

50.    None of the conditions present which would permit the Court to bind non-signatory CSCL to Big Port`s arbitration agreement.

51.    Because CSCL is not a party to any agreement with Big Port and because OWB Far East is not an agent of CSCL, there is no basis for which Big Port can proceed to arbitration against CSCL.  Accordingly, the arbitration must be stayed and an injunction issued.

52.    CSCL is likely to succeed on the merits of its claim as it was not a party to any contract with Respondent.

53.    CSCL will suffer imminent and probably irreparable injury if the preliminary injunction is not granted, as it will be forced to arbitrate a dispute that it is not contractually obligated to arbitrate.

54.    No previous application has been made for the relief sought herein.

## REQUEST FOR RELIEF

**WHEREFORE**, CSCL respectfully requests that this Court:

1.      Issue an Order temporarily and then permanently staying the New York arbitration commenced by Big Port;

2.      Enter Declaratory Judgment in favor of CSCL stating that there is no agreement to arbitrate as between CSCL and Big Port;

3.      Issue an Award in favor of CSCL for its costs, expenses, and disbursements in prosecuting this action and the action in Singapore; and

4.      That the Court grant such other relief as may be just and proper in the circumstances.

Dated: March 16, 2015
       New York, New York

Respectfully submitted,

By: _____
    Michael J. Frevola
    K. Blythe Daly
    HOLLAND & KNIGHT LLP
    31 West 52nd Street
    New York, NY 10019
    Telephone:  (212) 513-3200
    Facsimile:  (212) 385-9010
    Email: michael.frevola@hklaw.com
           blythe.daly@hklaw.com

    Attorneys for Petitioner,
    *China Shipping Container Lines Co. Ltd.*

8