USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHINA SHIPPING CONTAINER LINES CO. LTD.,

                Petitioner,

-against-

BIG PORT SERVICE DMCC,

                Respondent.

15 Civ. 2006 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On March 17, 2015, Petitioner, China Shipping Container Lines Co. Ltd. ("CSCL"), filed this action against Respondent, Big Port Service DMCC ("BPS"), seeking (1) an order staying a New York arbitration commenced by BPS; (2) a declaratory judgment in favor of CSCL stating that there is no agreement to arbitrate between the parties; and (3) costs, expenses, and disbursements. Pet., ECF No. 1. On January 15, 2019, the Court granted CSCL's motion for an order recognizing and giving preclusive effect to decisions issued by Singapore courts and CSCL's petition for injunctive relief and declaratory judgment, and directed CSCL to "submit their request for costs, expenses, and disbursements." ECF No. 79 at 17. CSCL filed its application for fees and costs on March 1, 2019. ECF No. 80. For the reasons stated below, the application is DENIED without prejudice to renewal.

## DISCUSSION

      The fee applicant "bears the burden of . . . documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In this Circuit, the maintenance of contemporaneous time records is a prerequisite to any award of attorney's fees allowed by federal law. *See Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir. 2010). A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should be denied. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983). "In other words, *Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases." *Scott*, 626 F.3d at 133.

      The declaration submitted by Gina M. Venezia in support of CSCL's application states the total sums requested in fees and costs. *See* Venezia Decl. ¶ 6, ECF No. 81. It describes these totals as follows:

> Of these totals, $11,084.00 is attributable to 32.6 hours of work performed by myself at the rate of $340 per hour, and $20,016.50 is attributable to 93.1 hours of work performed by my associate Michael Dehart at the rate of $215 per hour. Mr. Dehart's and my hourly rates are in line with the rates charged by maritime attorneys of similar skill and qualifications in New York. The fees incurred relate primarily to time spent preparing CSCL's submissions and accompanying

declarations, reviewing and analyzing BPS' opposition submission, conducting legal research for inclusion in CSCL's submissions, and liaising with clients and Singapore counsel.

*Id.* ¶ 7. However, this description does not constitute contemporaneous records indicating the persons involved, the dates, the hours expended and the nature of the work done in this litigation. Such general descriptions, without the dates and time for each task, do not satisfy *Carey*. *See, e.g.*, *In re Painewebber Ltd. P'ships Litig.*, No. 94 Civ. 8547, 2003 WL 21787410, at *4 (S.D.N.Y. Aug. 4, 2003) (declining to award attorney's fees when law firm did not submit any contemporaneous time records).

Thus, the Court is unable to assess the reasonableness of the attorney's fees requested. CSCL's application for fees, therefore, is fatally deficient because it failed to submit any contemporaneous records. Accordingly, CSCL's application for fees and costs is DENIED.[1]

## CONCLUSION

For the foregoing reasons, CSCL's application for fees and costs is DENIED without prejudice to renewal. Before refiling its application, CSCL and BPS shall confer in an effort to reach agreement on what constitutes reasonable fees and costs. Barring agreement, CSCL shall refile its application by **April 12, 2019**. By **April 26, 2019**, BPS shall file its opposition, and by **May 3, 2019**, CSCL shall file its reply, if any.

SO ORDERED.

Dated: March 29, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] The Court, however, takes no position on whether CSCL is permitted to seek attorney's fees under the exacting standard set forth in 28 U.S.C. § 1920. *See Hines v. City of Albany*, 862 F.3d 215, 219 (2d Cir. 2017) ("The costs listed under Section 1920 do not include attorneys' fees.").