```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/19/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHINA SHIPPING CONTAINER LINES
CO. LTD.,

                        Petitioner,

        -against-                       15 Civ. 2006 (AT) (DF)

BIG PORT SERVICE DMCC,               **<u>ORDER</u>**

                       Respondent.

ANALISA TORRES, District Judge:

       Petitioner, China Shipping Container Lines Co., Ltd., moves for attorney's fees and costs as a sanction against Respondent, Big Port Service DMCC. ECF No. 85. The Court referred the motion to the Honorable Debra Freeman for a Report and Recommendation ("R&R"). ECF No. 91. On May 15, 2020, Judge Freeman issued an R&R recommending that Petitioner's application be denied, except to the extent that Petitioner be awarded costs in the amount of $43.20. R&R at 1–2, 22, ECF No. 103. Now before the Court are Plaintiff's objections to the R&R. Pet. Obj., ECF No. 108. For the reasons stated below, Plaintiff's objections are OVERRULED and the R&R is ADOPTED.

### BACKGROUND[1]

       Since 2014, this matter has been extensively litigated in two forums—Singapore and New York. R&R at 2. After Respondent commenced an action in Singapore (the "Singapore Action"), it served Petitioner with a demand for arbitration to be conducted in New York City in

---

[1] The Court presumes familiarity with the facts and procedural history as set forth in the R&R, *see* R&R at 2–9, and this Court's January 15, 2019 order, ECF No. 79, but will reiterate some key factual allegations here. Because the parties have not objected to the R&R's characterization of the facts, the Court adopts the R&R's "Background" section. *See Roberts ex rel. Phillip v. Happiness Is Camping, Inc.*, No. 10 Civ. 4548, 2012 WL 844331, at *1 (S.D.N.Y. Mar. 13, 2012).

accordance with the rules of the Society of Maritime Arbitrators, Inc. *Id.* at 3. On March 17, 2015, after the arbitration panel had set a date for an initial hearing, Petitioner commenced this action seeking an order enjoining the New York arbitration in favor of the Singapore Action and declaring that there was no agreement to arbitrate. *Id.* In addition, Petitioner sought an award of "costs, expenses, and disbursements" in prosecuting this action and the Singapore Action. *Id.* (internal quotation marks and citation omitted).

On March 17, 2015, Petitioner moved by order to show cause for a temporary restraining order and preliminary injunction enjoining the arbitration, which Respondent opposed on the ground that the proper forum for the dispute was the Singapore courts. *Id.* On March 30, 2015, Respondent sought a stay of the action in anticipation of a decision from the High Court of Singapore, which the Court granted. *Id.*; *see also* ECF No. 18. The action remained stayed for nearly two years while the issues were litigated in Singapore. R&R at 4. In December 2017, the parties notified the Court that the High Court of Singapore had issued a final decision, concluding that there was no contract between the parties, and that, as a result, Respondent could not arbitrate its claims against Petitioner. *Id.* The parties disagreed as to the preclusive effect of the High Court's decision, as well as prior decisions and orders issued by the Singapore courts (collectively, the "Singapore Decisions"). *Id.* Respondent, abandoning its previous position, now argued that the High Court's decision should not be viewed as a binding and final adjudication of the validity of the arbitration agreement. *See id.*

On March 6, 2018, Petitioner moved for declaratory judgment, and sought an order recognizing and giving preclusive effect to the Singapore Decisions, under several doctrines, including the doctrines of collateral estoppel, res judicata, and judicial estoppel. *Id.* In an order dated January 15, 2019 (the "January 15 Order"), the Court recognized and gave preclusive

2

effect to the Singapore Decisions, granted Petitioner's request for declaratory relief, and permanently enjoined the underlying arbitration based on the finding that there was no valid agreement to arbitrate between Petitioner and Respondent. *See China Shipping Container Lines Co. v. Big Port Serv. DMCC*, No. 15 Civ. 2006, 2019 WL 9362547, at *10 (S.D.N.Y. Jan. 15, 2019), *aff'd*, 803 F. App'x 481, 485 (2d Cir. 2020).

Petitioner seeks an order requiring Respondent to reimburse Petitioner for $45,617.14 in attorney's fees and costs incurred in connection with (1) having the Singapore Decisions recognized and (2) holding Respondent to its prior representations to the Court regarding the impact of the Singapore proceedings on this action. ECF No. 86 at 6. On May 15, 2020, Judge Freeman issued an R&R concluding that Petitioner's application should be denied, except to the extent that Petitioner be awarded costs in the amount of $43.20. R&R at 1–2, 22.

## DISCUSSION

I. Stay

By letter dated July 31, 2020, Petitioner informed the Court that Respondent filed a petition for writ of certiorari before the Supreme Court seeking review of the Second Circuit's affirmance of the January 15 Order. ECF No. 110. Petitioner asks that a decision on its pending objections to the R&R be stayed until the Supreme Court reaches a decision on the petition for certiorari because Petitioner anticipates supplementing its application for fees based on the Supreme Court litigation. *Id.* at 1. However, the decision to stay proceedings is within a district court's discretion, and Petitioner's application for attorney's fees concerns conduct that already took place. *See, e.g.*, *Google LLC v. United States*, No. 19 Misc. 478, 2020 WL 1285368, at *5 (S.D.N.Y. Mar. 10, 2020) ("The issuance of a stay is left to the court's discretion" (internal

quotation marks, citation, and alteration omitted)).  The Court concludes that a stay is unnecessary.

Accordingly, Petitioner's request for a stay is DENIED.

II.     Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error.  *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review.").  An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."  *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).  The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record."  *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal

quotation marks and citation omitted).

   III.   Plaintiff's Objections

        A. Request for Attorney's Fees

The United States follows the "American Rule" regarding attorney's fees, under which the prevailing party may not recover attorney's fees as costs or otherwise. *Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 123 (2d Cir. 2013). "Under its inherent powers to supervise and control its own proceedings," however, "a district court has the authority to award attorney's fees to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (internal quotation marks and citation omitted).

Although Judge Freeman recognized that Respondent "repeatedly presented unsupported arguments to the Court," she concluded that "it takes more than this to demonstrate that [Respondent's] litigation strategy was intended to harass [Petitioner] or was otherwise sufficiently egregious to qualify as 'bad faith.'" R&R at 18. Petitioner argues that this finding was erroneous. Pet. Obj. at 4. Because Petitioner reiterates the arguments made to Judge Freeman, the Court reviews the objection for clear error and finds none. *Wallace*, 2014 WL 2854631, at *1; *compare* Pet. Obj. at 3–5 *with* Pet. Mem. at 4–6, ECF No. 86.

There is no doubt that Respondent took questionable and, at times, contradictory positions over the course of this litigation. This includes Respondent's representations to the Court when it requested a stay of this action, which Respondent later sought to retract after the Singapore Decisions did not come out in its favor. *See China Shipping Container Lines*, 2019 WL 9362547, at *8–9 (finding that Respondent was judicially estopped from arguing that Petitioner could be ordered to arbitrate). But "[a]lthough a frivolous position will often signal an

improper purpose, [the Second Circuit has] never held that a frivolous position may be equated with an improper purpose." *Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 391 (2d Cir. 1985); *see* R&R at 16–17.  Instead, a party seeking attorney's fees based on a finding of bad faith must adduce specific evidence of  "actions . . . so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 338 (2d Cir. 1999) (internal quotation marks and citation omitted); *see id.* (holding that a court's "factual findings of bad faith must be characterized by a high degree of specificity").

The Court, therefore, agrees with Judge Freeman that without specific examples of Respondent's improper course of conduct, Petitioner's characterizations of certain of Respondent's arguments as "groundless"—even if accurate—cannot suffice as "clear evidence" that Respondent engaged in sanctionable conduct.  R&R at 19; *Schlaifer Nance & Co.* 194 F.3d at 340 (holding that even considering the district court's characterization of plaintiff's claim as "objectively frivolous," the Second Circuit could not "conclude that the continuation of [the plaintiff's] action was anything more than the result of poor legal judgment"); *see also ED Capital, LLC v. Bloomfield Inv. Res. Corp.*, 316 F.R.D. 77, 83 (S.D.N.Y. 2016) (awards of attorney's fees are "restricted to circumstances where there is clear evidence that a party commenced an action with the sole aim of harassment or delay or for another improper purpose").

Accordingly, the objection to Judge Freeman's conclusion that Petitioner has not made an adequate showing of bad faith is OVERRULED.[2]

---

[2]  Having found that Judge Freeman did not commit clear error in holding that Petitioner failed to make an adequate showing of bad faith, the Court need not reach the secondary question of whether Plaintiff has made a showing of "personal" bad faith.  *See Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986); R&R at 20; Pet. Obj. at 5–7.

B. Telephone Expenses and Online Research Fees

Pursuant to Federal Rule of Civil Procedure 54(d)(1), taxable "costs—other than attorney's fees—should be allowed to the prevailing party." The term "costs," as used in Rule 54, is defined in 28 U.S.C. § 1920 and Local Civil Rule 54.1(c) as including the price of transcripts, depositions, witness fees, printing, and copying. Petitioner conceded before Judge Freeman that "telephone expenses" and "online research" are not "enumerated costs" under Local Civil Rule 54.1. Pet. Reply at 8, ECF No. 102. Such costs are generally recoverable only in connection with an award of attorney's fees. *See, e.g.*, *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 401 (S.D.N.Y. 2000) ("telephone costs" are recoverable as "attorneys' fees"); *Anderson v. City of New York*, 132 F. Supp. 2d 239, 247 (S.D.N.Y. 2001) ("costs for computerized research" are "considered part of attorneys' fees").

Because Judge Freeman found that Petitioner failed to present the "clear evidence" necessary to warrant an award of attorney's fees, she recommended that the Court also not award fees for telephone expenses and online research because such disbursements would typically be made as part of an award of attorney's fees. R&R at 22. Given that the Court has adopted Judge Freeman's recommendation on attorney's fees, the request for telephone expenses and online research fees is also denied.

Accordingly, Petitioner's objection to Judge Freeman's recommendation that no award of telephone expenses and online research fees be made is OVERRULED.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Plaintiff properly objected and has reviewed the remainder of the R&R for clear error.[3] For the reasons stated

---

[3] To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.

above, the Court ADOPTS the R&R in its entirety.  Petitioner is awarded costs for copying in the amount of $43.20.  R&R at 21–22.  The Clerk of Court is directed to terminate the motion at ECF No. 85.

      SO ORDERED.

Dated: August 19, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge